In the Matter of EDMOND FITZGERALD LUDDEN, an Attorney, Respondent.

In the Matter of CHARLES JOSEPH VALLONE, an Attorney, Respondent.

First Department, December 15, 1933.

*Einar Chrystie*, for the petitioner.

*Medina & Sherpick*, for the respondent.

FINCH, P. J. The respondent Edmond Fitzgerald Ludden was admitted to practice as an attorney and counselor at law in the State of New York on June 12, 1929, at a term of the Appellate Division of the Superme Court, First Department.

The respondent Charles Joseph Vallone was similarly admitted on April 20, 1931.

By the petition herein the respondents, who are associated together in the practice of law, have been charged with professional misconduct as hereinafter set forth.

The respondents have answered, admitting the facts charged, which are as follows:

In or about the month of January, 1932, the respondents were retained by Mrs. Anna Tillman to collect a claim from one George C. Smith for money loaned. An action was commenced, and the case placed on the commercial calendar. Thereafter the case was dismissed on the call of the calendar because of the failure of any one on the part of the plaintiff to answer the call, and a judgment was entered by the defendant dismissing the complaint. When the respondents learned of the dismissal they did not advise Mrs. Tillman, but made a motion upon the affidavit of the respondent Ludden to vacate the judgment and restore the case to the calendar. This motion the court denied, with leave to renew upon presentation of an affidavit by the party or one having

knowledge of the facts showing merit in plaintiff's cause of action.

The respondent Ludden thereupon prepared an order to show cause returnable January 30, 1933, with his own affidavit in support thereof and an affidavit of Mrs. Tillman, the plaintiff. He telephoned Mrs. Tillman on January 25, 1933, requesting her to come to the office of respondents to sign an affidavit. Mrs. Tillman, however, did not do so. On January 26, 1933, the respondent Ludden handed the affidavit which he had prepared for Mrs. Tillman to sign to the respondent Vallone, who signed Mrs. Tillman's name to the affidavit and also his own name as a notary public beneath the jurat to the effect that Mrs. Tillman had sworn to the affidavit before him as such notary public. The respondent Vallone then returned the papers to the respondent Ludden with the knowledge and intent that the latter should submit them to the court in support of an order to show cause why the judgment dismissing Mrs. Tillman's complaint should not be vacated and the case restored to the calendar. The respondent Ludden thereafter submitted to the court said order to show cause and the annexed affidavits, including the paper purporting to be an affidavit verified by Anna Tillman, which paper the respondent Ludden knew had not been read, signed or sworn to by her. The court signed the order to show cause. A copy thereof was thereafter served on the attorneys for the defendant in the action, and on the return day of the order the respondent Ludden again submitted the same to the court, together with the aforesaid paper purporting to be the affidavit of Anna Tillman. The court, relying upon the facts set forth in said papers and without knowledge of the fact that the paper purporting to be an affidavit verified by Anna Tillman had not in fact been read, signed or sworn to by her, granted the application to open the default in the action and set aside the judgment previously entered therein.

The respondents have both expressed their realization of the seriousness of their misconduct as above set forth and their contrition therefor.

In attempted extenuation it is urged that the respondent Vallone was under a severe strain at the time because of the dangerous illness of his wife; that the respondent Ludden was inexperienced, and that in the stress of the moment the respondents by the aforesaid acts sought to conceal the default from their client, who was a nervous and excitable woman and with whom they dreaded a scene.

Both respondents have borne excellent reputations in their profession, and it is astonishing that they should have committed the aforesaid acts. Respondents urge that said acts were not

motivated by any desire for gain or profit and that the restoration of the case to the calendar partook of the nature of a formality, and that the affidavit of Mrs. Tillman was not even necessary, as the order permitted any one having knowledge of the facts to make such affidavit and such knowledge was possessed by respondents. Ordinarily such conduct would be induced by motives more reprehensible and would require severer punishment. In this case, however, because of the absence of any bad motive and the recent admittance to the bar of the respondents and their previous unblemished reputations, the court believes the ends of justice will be served if the respondents are suspended from practice for one year, with leave to apply for reinstatement after the expiration of that period upon proof of compliance with the conditions to be incorporated in the order.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondents suspended for one year.